# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                                         5:21-cr-76-JA-PRL

**EDDIE JOE OGLESBY, JR.,**
    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

On August 9, 2022, the Court held a hearing on the issue of the defendant's mental competency to proceed to trial. For the reasons explained below, I submit that the defendant, Eddie Joe Oblesby, Jr., is competent to stand trial.

In December 2021, the defendant requested a competency evaluation. (Doc. 44). The parties agreed to have the examination performed locally by Dr. Harry Krop, Ph.D. with Community Behavioral Associates. Dr. Kropp evaluated the defendant on two occasions and on March 2, 2022, Dr. Krop opined, in his report, that the defendant was competent to stand trial. (Doc. 53)

On March 10, 2022, I held a hearing on the findings. At the hearing, defense counsel, without objection by the Government, requested a second competency evaluation. Counsel recited the defendant's history of mental health treatment and prior state court determinations of incompetency. Accordingly, I ordered a second mental competency evaluation of the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

defendant, pursuant to 18 U.S.C. § 4241(b). The defendant was evaluated at the Federal Detention Center Miami, Florida by Clinical and Forensic Psychologist Carmen J. Rodriguez, Psy.D. In her report from June 22, 2022, Dr. Rodriquez also opined that the defendant was mentally competent to stand trial. (Doc. 59).

On August 9, 2022, the Court held a hearing to determine the mental competency of the defendant. The parties stipulated on the record that the Court could receive as evidence the Forensic Reports in lieu of testimony. Both reports, that is, the report of Drs. Krop and Rodriguez, were received and reviewed with the parties. Based on the examinations and associated findings in each report, the government argued the defendant, Mr. Oglesby, is competent to stand trial. The defendant objected to the competency findings on the sole basis that the defendant had been found incompetent in prior state court proceedings. No arguments were made to contest the testing performed or the conclusions reached from them by Drs. Krop and Rodriquez in these current reports, conducted for purposes of this case. While the defendant was offered the opportunity to present evidence and witnesses, no evidence or witnesses were offered to dispute the findings of Dr. Krop or Dr. Rodriquez.

The standard for competency to stand trial is whether a defendant, in light of a mental disease or defect, "has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *United States v. Hogan,* 986 F.2d 1364, 1371 (11th Cir.1993) (citations and internal quotation marks omitted). A defendant raising a substantive claim of incompetency bears the burden of demonstrating his incompetency by a preponderance of the evidence." *United States v. Bradley,* 644F.3d 1213, 1268 (11th Cir. 2011) (citing *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).

- 3 -

Here, as noted, the only evidence offered in this case are the reports and opinions of Dr. Krop and Dr. Rodriquez, who both evaluated and examined the defendant and each opine that he is competent.

In light of the thorough and well-reasoned opinions submitted, and in the absence of any evidence or argument to the contrary, I submit that by a preponderance of the evidence the defendant is mentally competent to stand trial to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense

Accordingly, based upon the opinions contained in the Forensic Reports, and with no evidence to the contrary, I recommend that the defendant be deemed competent to stand trial.

**Recommended** in Ocala, Florida, on August 9, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record