[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

---

No. 23-10905

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

                                           Plaintiff-Appellee,

versus

EDDIE JOE OGLESBY, JR.,
a.k.a. Gabriel Ethan Collins,
a.k.a. Shadow,

                                           Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 5:21-cr-00076-JA-PRL-1

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Oglesby, Jr., appeals his sentence of 960 months' imprisonment and life term of supervised release for receiving child pornography and enticing a minor to produce child pornography. He argues that the district court procedurally erred and deprived him of due process by failing to orally pronounce all the conditions of his supervised release that were included in his written judgment. He also argues that the district court erred by failing to make an individualized assessment as to whether the conditions of supervised release were reasonably related to the sentencing factors and involved no greater deprivation of liberty than is reasonably necessary.

I.

Generally, when a defendant fails to object to the conditions of his supervised release at sentencing, we review his argument for plain error. See *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023). But when a defendant is deprived of the opportunity to object to his conditions of supervised release at sentencing, we review a challenge to the imposition of those conditions *de novo*. *Id.* Under plain-error review, the defendant must show there was (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation

of judicial proceedings. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

"When the oral pronouncement of a sentence varies from the written judgment, the oral pronouncement governs." *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000). We first determine whether the oral and written conditions of supervised release "unambiguously conflict[]." *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). If so, we must direct a limited remand with instructions for the district court to "enter an amended judgment that conforms to its oral pronouncement." *Chavez*, 204 F.3d at 1316. But when there is merely ambiguity, "as opposed to a conflict between the oral pronouncement and the written judgment," the written judgment governs. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983).

Section 3583 imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d). The Guidelines allow the court to impose other discretionary conditions and provide 13 standard conditions that are generally recommended, as well as several special conditions. U.S.S.G. § 5D1.3(b)-(d).

We recently held that a district court violated the defendant's right to due process by failing to orally pronounce discretionary conditions of supervised release at sentencing which were included in the written judgment. *Rodriguez*, 75 F.4th at 1246-50. Discretionary conditions include any condition other than the mandatory conditions listed in § 3583(d). *Id.* at 1246. The district court

| 4 | Opinion of the Court | 23-10905 |

may satisfy this requirement by orally adopting the conditions of supervised release listed in the PSI or in a standing administrative order. *Id.* "By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them." *Id.* "[T]he mere existence of an administrative order recommending certain conditions of supervised release, without in-court adoption of that list by the sentencing court," is insufficient to satisfy due process. *Id.* at 1249. In *Rodriguez*, the court only stated at sentencing that the defendant would serve a term of supervised release without making any reference to the discretionary conditions. *See id.* at 1240. We thus remanded in order to give the defendant an opportunity to be heard and for the court to reconsider whether to impose each of the discretionary conditions. *Id.* at 1249.

Research does not reveal a standing order in the Middle District of Florida concerning conditions of supervised release. *See* Standing Orders/Plans/Procedures, M.D. Fla., https://www.flmd.uscourts.gov/standing-orders-plans-procedures. However, its website contains Form AO 245B, the standard template form used for a judgment in a criminal case, which lists the mandatory conditions—as well as 13 standard conditions—of supervised release. M.D. Fla., AO 245B, Judgment in a Criminal Case, https://www.uscourts.gov/sites/default/files/ao245b.pdf ("Form AO 245B"). The standard conditions in Form AO 245B mostly mirror those in § 5D1.3(c), but standard condition ten prohibits the defendant from possessing a firearm, which is not a standard condition found in § 5D1.3(c). Form AO 245B at 6; *see*

23-10905              Opinion of the Court                    5

U.S.S.G. § 5D1.3(c). The Probation Office in the Middle District of Florida maintains a webpage listing standard conditions of supervision. Standard Conditions, United States Probation Middle District of Florida, https://www.flmp.uscourts.gov/standard-conditions (last accessed February 28, 2024) ("Probation Conditions").

As an initial matter, we review Oglesby's claim for plain error because he had the opportunity to object to the conditions of supervised release below and failed to do so. *See Rodriguez*, 75 F.4th at 1246 n.5. Unlike in *Rodriguez*, the district court's pronouncement of "mandatory and standard conditions" adopted by the district court gave Oglesby an opportunity to raise questions regarding the standard conditions, but he failed to do so. *See Rodriguez*, 75 F.4th at 1240, 1246, 1249.

Here, the district court did not plainly err by failing to list the 13 discretionary, standard conditions of supervised release during the sentencing hearing because it explicitly incorporated the standard conditions adopted in the Middle District of Florida. *See Rodriguez*, 75 F.4th at 1246 n.5; *Monroe*, 353 F.3d at 1349. The facts here differ from those in *Rodriguez* in an essential way because the district court orally pronounced at sentencing that Oglesby must comply with "the mandatory and standard conditions adopted by the [c]ourt in the Middle District of Florida." Thus, the district court's imposition of the standard conditions was sufficient to refer Oglesby to the standard conditions articulated on the district court's probation office website and in the criminal judgment form

available on the district court's website, providing him an opportunity to object. Thus, we affirm the district court as to this issue.

## II.

We review *de novo* a defendant's challenges to the adequacy of a district court's sentencing explanation under 18 U.S.C. § 3553(c), even if the defendant did not object below. *United States v. Hamilton*, 66 F.4th 1267, 1274-75 (11th Cir. 2023). "Because § 3553(c) applies to the entire sentence, and the term of supervised release is part of that sentence, § 3553(c) necessarily applies to the term of supervised release as part of the sentence imposed." *Id.* at 1275.

The court may order any discretionary condition that: (1) is reasonably related to the § 3553(a) factors, including the nature and circumstances of the offense, history and characteristics of the defendant, the seriousness of the offense, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with corrective treatment; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals set forth in § 3553(a); and (3) is consistent with pertinent policy statements from the Sentencing Commission. *United States v. Taylor*, 338 F.3d 1280, 1282-83 (11th Cir. 2003); *see also* 18 U.S.C. § 3583(d); U.S.S.G. §5D1.3(b).

The district court must "state in open court the reasons for its imposition of the particular sentence" that it selects. 18 U.S.C. § 3553(c). The degree of explanation required for a sentencing decision varies based on the circumstances. *Rita v. United States*, 551

U.S. 338, 356 (2007). The district court must set forth a sufficient explanation to satisfy us that it has "considered the parties' arguments and has a reasoned basis" for its sentencing decision. *Id.* While a district court must consider the § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Moreover, § 3553(c) does not require "two separate explanations—one for the term of imprisonment and one for the term of supervised release," so long as the explanation for the entire sentence is adequate. *Hamilton*, 66 F.4th at 1275.

Here, the district court did not err in its explanation of the necessity of the conditions of supervised release because it noted Oglesby's personal history and characteristics, the nature and circumstances of his crimes, the purposes for sentencing, and the factors from § 3553(a) in imposing his sentence. We do not require a district court to articulate how each condition of supervised release is reasonably related to the § 3553(a) factors or involves no greater deprivation of liberty than is necessary, so long as the explanation for the entire sentence is adequate. *Taylor*, 338 F.3d at 1283; *Hamilton*, 66 F. 4th at 1275.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 25, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10905-DD
Case Style: USA v. Eddie Oglesby, Jr.
District Court Docket No: 5:21-cr-00076-JA-PRL-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

# Lisa Fannin

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **Sent:** | Monday, March 25, 2024 10:14 AM |
| **To:** | FLMD_EFILE_APPEALS |
| **Subject:** | 23-10905-DD USA v. Eddie Oglesby, Jr. "Opinion Issued On the Courts own Motion Opinion" (5:21-cr-00076-JA-PRL-1) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 03/25/2024

| | |
|---|---|
| **Case Name:** | USA v. Eddie Oglesby, Jr. |
| **Case Number:** | 23-10905 |
| **Document(s):** | 61 |

**Docket Text:**
Opinion issued by court as to Appellant Eddie Joe Oglesby, Jr.. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions.

**Notice will be electronically mailed to:**

Clerk - Middle District of Florida, Clerk of Court
Todd B. Grandy
Valarie Linnen
U.S. Attorney Service - Middle District of Florida, U.S. Attorney

The following document(s) are associated with this transaction:
**Document Description:** Opinion Issued
**Original Filename:** 202310905.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=03/25/2024] [FileNumber=10165155-0]
[494e049ff070f9f0e3577966264d50467a4396f75af961baa40ce6f646390e76f5a033645412102ee51e8d9ca489684a7e4b311389bcd2b4a01082b969b539dd]]

**Document Description:** OPIN-1 Notice to Counsel/Parties
**Original Filename:** /opt/ACECF/live/forms/JeffPatch_2310905_10165155_OPIN-1NtcofIssuanceofOpinion_300.pdf
**Electronic Document Stamp:**

[STAMP acecfStamp_ID=1160056652 [Date=03/25/2024] [FileNumber=10165155-1] [2f241363f5815f81d20e18ef9f02a4ef7215af91344be37a8ccd3d6cfdf37f6a5a7c463df03c395838abc9be121a8bee3dd1706fd8e7d6fc734a70076be51d07]]

**Recipients:**

- Clerk - Middle District of Florida, Clerk of Court
- Todd B. Grandy
- Valarie Linnen
- U.S. Attorney Service - Middle District of Florida, U.S. Attorney